UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORIE HALFORD,<br><br>            Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>            Defendant. | 1:10-cv-01214-AWI-BAM<br><br>**ORDER ON MOTION FOR ATTORNEY FEES** |

**INTRODUCTION**

Plaintiff Lorie Halford ("Plaintiff") sought review by this Court of the decision by the Commissioner of Social Security ("Commissioner"). Following remand, an administrative law judge ("ALJ") issued a favorable decision to Plaintiff. On June 5, 2012 this Court awarded attorney's fees to Plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $5,000.00. (Doc. 24.)

Presently before the Court is Plaintiff's counsel's ("Counsel") motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Counsel seeks $9,373.65 total in attorney's fees, including the $5,000.00 EAJA award. The Commissioner filed a reply that set out a framework to analyze Counsel's fee petition, but neither supported nor opposed the fee request. (Doc. 31.) Lorie Halford has not filed an opposition to Counsel's request for Section 406(b) fees. For the reasons discussed below, the Court GRANTS Counsel's motion for attorney's fees.

1

## BACKGROUND

Plaintiff filed an application for disability insurance benefits alleging disability in accordance with the Social Security Act. The Commissioner denied the applications initially and upon reconsideration. Plaintiff requested and participated in a hearing before an ALJ. The ALJ issued a decision denying plaintiff's claim for benefits. Plaintiff then filed a request for review of the ALJ's decision with the Appeals Council. The Appeals Council denied the request for review, and the ALJ's decision became the final decision of the Commissioner. Plaintiff subsequently filed this action to seek judicial review of the Commissioner's decision Pursuant to Social Security Act.

The parties filed cross motions for summary judgment concerning the Commissioner's decision. (Doc. 15, 16, 17.) On February 3, 2012, this Court issued findings and recommendations to vacate the Administrate Law Judge's decision, and remand this action to the Commissioner for further administrative action pursuant to Section 404(g) of the Social Security Act. (Doc. 20.) Those findings and recommendations were adopted in full on February 27, 2012. (Doc. 21.)

Following remand, the Commissioner granted Plaintiff's application for benefits, entitling her also to receive retroactive benefits. The Notice of Award shows that Plaintiff is to receive $37,494.60 in past due benefits, and will receive $721.00 each month in benefits going forward. (Doc. 25, Exh. 2, p. 2). On June 5, 2012, this Court, upon stipulation by the parties, awarded attorney's fees and expenses to Plaintiff under the EAJA in the amount of $5,000.00. (Doc. 24.) On April 3, 2014, Plaintiff filed the instant motion for attorney's fees under 42 U.S.C. § 406(b) in the total amount of $9,373.65. (Doc. 25.) Counsel submitted her record of hours worked on this matter, indicating Counsel worked 17.6 hours, and another attorney worked 15.3 hours. (Doc. 25, Exh. 5, 6.)

## DISCUSSION

Under 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for

payment*."* *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir.2009) (en banc) (citing *Grisbrecht v. Barnhart*, 535 U.S. 789, 802, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002)). The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht,* 535 U.S. at 808–09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford,* 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' ... 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford,* 586 F.3d at 1148 (quoting *Gisbrech*t, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Gisbrecht,* 535 U.S. at 807–08.

The fee agreement between Plaintiff and Counsel provides for a fee consisting of twenty-five percent of the past-due benefits resulting from Plaintiff's claim or claims. (Doc. 25, Exh. 3.) Counsel's fee request ($9,373.65) represents precisely twenty-five percent of Plaintiff's past due benefits ($37,494.60). When contingency fee agreements call for the maximum twenty-five percent of past due benefits, Court routinely approve fee awards equal to twenty-five percent of past due benefits. *See Taylor v. Astrue*, No. 1:06–cv00957–SMS, 2011 WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition for an award of attorney's fees pursuant to Section 406(b) in the amount of $20,960.00 when

the past-due benefits totaled $83,858.00); *Fuentez v. Astrue,* No. 1: 10-cv-01032-AWI-SKO, 2012 WL 5417374 (E.D. Cal. 2012) (awarding $12,195.80 in fees where the parties stipulated to remand and plaintiff was later found disabled and entitled to retroactive benefits totaling $48,483.20); *Em v. Astrue,* No. 1: 10-cv-01414-LJO-SKO, 2012 WL 1554909 (E.D. Cal. 2012) (awarding $9,357.63 in fees where the parties stipulated to remand and the plaintiff was later found disabled and entitled to retroactive benefits totaling $37,430.54).

The Court has considered the character of Counsel's representation of Plaintiff and the results achieved by Counsel. There is no indication that a reduction of the agreed upon fee is warranted due to any of the factors described above. Counsel is an experienced attorney who secured a successful result for Plaintiff. There is also no evidence that counsel engaged in any dilatory conduct resulting in excessive delay.

Counsel does not state her normal hourly rate. However, the effective hourly rate requested equals $284.91 per hour.[1] Then Ninth Circuit has found such effective hourly rates reasonable in social security contingency fee arrangements. *Crawford v. Astrue,* 586 F.3d 1142, 1153 (9th Cir. 2009) (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also, Patterson v. Apfel,* 99 F.Supp.2d 1212, 1214 & n. 2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases).

Finally, in considering whether the requested fee is excessive, this Court is mindful that the value of this case to Plaintiff is substantially greater than the $37,494.60 in past-due benefits awarded. *Crawford,* 586 F.3d at 1151-52 ("The attorneys will receive no percentage of the substantial future benefits paid to the claimants following their successful representation"). Plaintiff will receive ongoing monthly benefit payments in the amount of $721.00. *See, Rodenas v. Colvin,* 2013 WL 1855837 (C.D. Cal. 2013) (". . . the value of this case to plaintiff is substantially greater than the $84,812 in past due benefits awarded. In addition to the past-due benefits, plaintiff will receive

---

[1] Counsel of record expended 17.6 hours; while a different attorney expended 15.3 hours. Thus, the effective hourly rate requested is computed as follows: (17.6 + 15.3) / $9,373.65 = $284.91/ hour.

4

ongoing monthly benefits payments . . .")

An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Grisbrecht*, 535 U.S. at 796. Plaintiff's counsel has already been awarded $5,000.00 in fees pursuant to the EAJA; thus the Section 406(b) fees awarded by this order must be offset by $5,000.00, and that amount must be refunded to Plaintiff.

## CONCLUSION AND ORDER

For the reasons discussed above, the Court GRANTS Plaintiff Lorie Halford's motion for award of attorney's fees pursuant to 42 U.S.C. 406(b) in the amount of $9,373.65, to be offset by the prior attorney's fees award of $5,000.00 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated: **June 9, 2014**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE